**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Teleplus Consulting, Inc., | ) | No. CV-09-0472-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| JLS Marketing, LLC; Joseph Sampley; Susan Sampley, | ) | |
| Defendants. | ) | |

The court has before it defendants JLS Marketing, LLC, and Joseph and Susan Sampley's (collectively, "JLS") motion to dismiss Counts I, III, and V through X (doc. 9), plaintiff Teleplus Consulting, Inc.'s ("Teleplus") response (doc. 17), and JLS's reply (doc. 21); and JLS's motion for summary disposition (doc. 14), Teleplus's response (doc. 15), and JLS's reply (doc. 19).

**I. Background**

Plaintiff Teleplus Consulting, Inc., is a Minnesota corporation with its principal place of business in Minnesota. Teleplus negotiates the pricing of voice, data, and wireless service contracts on behalf of large users of telecommunications services throughout the United States. It receives a commission based on a percentage of the total savings realized by its clients. Complaint ¶ 7. Defendant JLS Marketing is a Minnesota limited liability company

with its principal place of business in Avondale, Arizona. On April 6, 2003, Teleplus entered into an independent contractor agreement (the "Contractor Agreement") with JLS, pursuant to which Teleplus agreed to market and sell JLS's consulting services to new customers. Id. ¶ 8. JLS's compensation under the agreement was based in part on the parties' respective efforts in negotiating and securing a new customer. Id. ¶ 10.

Teleplus alleges that in 2003, it agreed to "participate in a sales effort involving Apollo [Group, Inc.] under the terms of the Contractor Agreement." Id. ¶ 13. It claims that, due to its effort, Apollo eventually agreed to purchase telecommunications consulting services. Id. ¶¶ 13-14. On April 8, 2003, JLS entered into a consulting services agreement with Apollo. Id. ¶ 17. Teleplus initially invoiced Apollo for services rendered and Apollo paid Teleplus directly. Id. ¶ 24. Teleplus retained its share of the compensation as described by the Agreement, and remitted the balance to JLS. Id. ¶ 25. Then, in December 2004, JLS insisted on sending the monthly invoices to Apollo and receiving the remittances. Id. ¶¶ 26-27. Teleplus alleges that beginning in January 2005, once JLS began receiving Apollo's payments directly, JLS failed to remit to Teleplus its commissions due under the Agreement. Id. ¶¶ 28-33. Teleplus also alleges that in 2007, Apollo hired JLS directly for its telecommunications consulting work, in violation of the Agreement's non-compete clause. Id. ¶ 35.

On June 24, 2008, Teleplus filed an action against JLS in the United States District Court for the District of Minnesota, alleging various state law causes of action. The court adopted the report and recommendation of the United States magistrate judge and granted JLS' motion to dismiss for lack of personal jurisdiction.[1] Teleplus then filed this action alleging that JLS breached the Contractor Agreement by failing to pay the amounts due, (Counts I and II), quantum meruit (Count III), unjust enrichment (Count IV), fraud (Count

---

[1] We may take judicial notice of matters of public record, including court records, without converting a Rule 12(b)(6) motion into one for summary judgment. Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) (overruled on other grounds).

V), reckless misrepresentation (Count VI), breach of non-compete agreement (Count VII), misappropriation of business (Count VIII), violation of Minn. Stat. § 325F.69 (Count IX), and unfair competition (Count X). JLS now moves to dismiss Counts I, III, and V through X.[2]

## II. Motion for Summary Disposition

JLS filed its motion to dismiss on April 24, 2009. When Teleplus failed to respond to the motion within the ten-day deadline set by LRCiv 7.2(c), JLS filed a motion for summary disposition (doc. 14). Teleplus now argues that the motion to dismiss was automatically converted into a motion for summary judgment because it involves "matters outside the pleadings." Response to Motion for Summary Disposition at 1-2. Therefore, Teleplus contends that it is entitled to the thirty-day response time applicable to a motion for summary judgment. See LRCiv 56.1(b).

Teleplus's argument evidences a fundamental misunderstanding of Rule 12(d), Fed. R. Civ. P. It is within the province of the court, not the party, to convert a motion to dismiss into a motion for summary judgment. See Swedberg v. Marotzke, 339 F.3d 1139, 1144 (9th Cir. 2003) (holding that a motion to dismiss supported by extraneous materials "cannot be regarded as one for summary judgment until the district court acts to convert the motion"). We have not converted the motion to dismiss into one for summary judgment, and therefore Teleplus's response is untimely. Nevertheless, because JLS does not allege that it is prejudiced by the delay, because the delay will not affect the timely disposition of this case, and in the interest of deciding cases on their merit, we deny the motion for summary disposition (doc. 14).

## III. Motion to Dismiss

### A. Counts I and VII – Breach of Contract

JLS moves to dismiss Count I (breach of contract) and Count VII (breach of non-compete agreement), arguing that these breach of contract claims have already been

---

[2]Teleplus voluntarily dismisses Counts III and X. Response at 2 n.1.

determined by the federal district court in Minnesota. The United States magistrate judge stated in his October 2008 report and recommendation that "[n]o written contract controls the dispute between JLS and Teleplus." Motion to Dismiss, exhibit C at 6. Therefore, JLS contends that, because there was no contract, the breach of contract claims fail. We disagree.

First, the parties' arguments are based on the presumption that the report and recommendation is itself an order of the district court. It is not. While the record in this case includes a docket report from District of Minnesota containing an entry entitled "Order Adopting Report and Recommendations," (doc. 9, exhibit A), the parties have not submitted the district court order. Without the order, we do not know the extent to which the district court adopted the report and recommendation, and therefore we cannot conclude that a specific finding by the magistrate judge has any preclusive effect.

Even assuming the report and recommendation was adopted in its entirety, however, JLS's collateral estoppel argument fails. The issue of whether a written contract controls the dispute between JLS and Teleplus was not actually and necessarily litigated in the Minnesota action. The issue before the Minnesota district court was whether there were sufficient minimum contacts to support personal jurisdiction over JLS. Resolution of whether the Contractor Agreement applied to the services provided to Apollo was not necessary to decide this jurisdictional issue. The magistrate judge's statement that "[n]o written contract controls the dispute between JLS and Teleplus," was supported only by a reference to JLS's reply brief. Motion to Dismiss, exhibit C at 6. The magistrate judge noted that no written agreement between JLS and Teleplus was contained in the record. Id. at 3 n.2. Because the issue of whether a written contract controls the parties' dispute was not actually and necessarily litigated in the prior action, collateral estoppel does not apply.[3]

---

[3] We also reject JLS's contention that Teleplus is precluded from relitigating this issue based on the full faith and credit statute, 28 U.S.C. § 1738. That statute governs only judgments rendered by state courts, not other federal district courts. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 506-07, 121 S. Ct. 1021, 1027 (2001).

- 4 -

Finally, we reject JLS's argument that the Contractor Agreement itself demonstrates that it does not apply to the services provided to Apollo.[4] Although JLS alleges that the Contractor Agreement was signed on April 7, 2003, two weeks after JLS entered into a separate services agreement with Apollo, the Contractor Agreement between JLS and Teleplus was made effective as of January 6, 2003—three months before the Apollo contract was signed. These are sufficient facts to support a breach of contract claim that is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).

Without deciding whether the Contractor Agreement governs the services arrangement with Apollo, we conclude that the complaint sufficiently states breach of contract claims in Counts I and VII. The interpretation of the contract language and the intent of the parties is better left to a motion for summary judgment.

**B. Counts VI (Reckless Misappropriation) and IX (Minn. Stat. § 325F.69)**

The Contractor Agreement contains a choice of law provision stating that questions concerning its validity, interpretation, performance, and enforcement will be governed by Minnesota law. Complaint ¶ 9. In keeping with its argument that the Contractor Agreement, including its choice of law provision, does not apply to the instant dispute, JLS argues that the claims based on Minnesota law—Count VI (reckless misappropriation), and Count IX (violation of Minn. Stat. § 325F.69)—should be dismissed because they are not cognizable under Arizona law. However, we have rejected the argument, at this stage of the litigation, that the Contractor Agreement does not apply to the parties' dispute. Moreover, we will not consider JLS's argument, raised for the first time in its reply brief, that even if the Contractor Agreement does apply, the choice of law provision does not encompass the Minnesota

---

[4]We may also consider the Contractor Agreement in deciding this motion to dismiss without converting it into a Rule 56 motion for summary judgment. See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) (holding that a court may consider evidence on which the complaint "necessarily relies" if the complaint refers to the document, the document is central to the plaintiff's claim, and no party questions its authenticity).

- 5 -

1  claims. See Gadda v. State Bar. of Calif., 511 F.3d 933, 937 n.2 (9th Cir. 2007). JLS's

2  motion to dismiss Counts VI and IX is denied.

### C. Count VIII – Misappropriation of Business

JLS contends that Count VIII must be dismissed because there is no cognizable claim for "misappropriation of business" under either Minnesota or Arizona law. Teleplus responds that its claim is actually one for breach of fiduciary duty. Response at 14. Teleplus's allegation that JLS acted as its "agent," however, is an unsupported legal conclusion belied by the fact that the parties' relationship is governed by an "independent contractor" agreement. Teleplus has failed to state a claim for relief under Count VIII and it is therefore dismissed.

### D. Count V – Fraud

Finally, JLS argues that Teleplus has failed to adequately plead fraud in Count V. Teleplus alleges in its complaint that JLS fraudulently represented that "if Teleplus performed the services of negotiating on behalf of Apollo . . . , JLS would share with Teleplus all monies received from Apollo in the manner agreed to by the parties." Complaint ¶ 61. JLS contends that this allegation of unkept promises relating to future events is merely a breach of contract claim, not fraud.

In order for a representation to constitute actionable fraud, "it must relate to either a past or existing fact. It cannot be predicated on unfulfilled promises, expression of intention or statements concerning future events unless such were made with the present intention not to perform." Staheli v. Kauffman, 122 Ariz. 380, 383, 595 P.2d 172, 175 (1979). Teleplus generally avers that the "representations made by JLS were false when made and JLS knew that the representations were false at that time." Complaint ¶ 66. General averments of intent, knowledge, and other conditions of a person's mind are sufficient even under the heightened pleading standard of Rule 9(b), Fed. R. Civ. P. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 990 (9th Cir. 2009). However, Rule 9(b) requires a pleader of fraud to "detail with particularity" the remaining elements of fraud, including "the time, place, and manner of each act of fraud." Lancaster Cmty. Hosp. v. Antelope Valley Hosp.

Dist., 940 F.2d 397, 405 (9th Cir. 1991). Teleplus's complaint alleges only that "JLS agreed to . . . additional compensation for Teleplus." Complaint ¶ 22. It does not specify who made the agreement, when it was made, how it was made, or whether it was made orally or in writing. The Complaint does not describe with any particularity the circumstances of the purported agreement. We conclude that Teleplus has failed to allege its fraud claim with particularity, and accordingly we dismiss Count V.

### IV. Conclusion

**IT IS ORDERED DENYING** JLS's motion for summary disposition (doc. 14), and **GRANTING IN PART AND DENYING IN PART** JLS's motion to dismiss (doc. 9). Counts III, V, VIII, and X are dismissed.

DATED this 11th day of August, 2009.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge